IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17-CR-00093-GKF |
| | ) |
| DEBRA RENEE BURNS; CLAYTON LAMBERT; BALEY LYNN ENLOE; JAMES CHRISTOPHER MARTIN; and NICKOLAS ALLEN LOLLIS, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is the Parties' Joint Motion Requesting the Court Declare this Case Complex [Doc. #48] ("Joint Motion") filed by the government, and the defendants, Nickolas Allen Lollis ("Lollis") by and through Jimmy Lance Hopkins, Clayton Lambert ("Lambert") by and through Marna Swanda Franklin, and Debra Renee Burns ("Burns") by and through William Dixon Lunn. Defendants James Christopher Martin, by and through Shena E. Burgess, and Baley Lynn Enloe, by and through Matthew P. Cyran, have joined the motion [Doc. ## 51, 52]. Also before the Court is the Unopposed Motion of defendants Baley Enloe and Christopher Martin to Continue [Doc. # 53]. Based on the facts and circumstances set forth in the motions and on the record at the hearing held November 6, 2017, the Court finds that the ends of justice outweigh the interests of the public and the defendants in a speedy trial. The Court finds that the motions should be and are hereby **GRANTED.** The jury trial previously scheduled to begin November 20, 2017

is hereby stricken and shall be reset on the 16th day of January, 2018, at 9:30 a.m. In accordance with *United States v. Toombs,* 574 F.3d 1262, 1269, 1273 (10th Cir. 2009), the Court makes specific written findings justifying an "ends of justice" continuance as follows:

    1.    The Court finds that the Federal Bureau of Investigation (FBI) led an extensive, nine-month long, criminal investigation concerning this matter.

    2.    The investigation lead to a twenty-two (22) count Indictment, which was unsealed upon the initial appearance of Nickolas Allen Lollis on September 12, 2017. The Court is informed that the government is producing to defendants' counsel some 9,987 document and audio files consisting of 25,703 pages, totaling 23.6GB in size. In addition, the Government has produced polecam footage consisting of 287,522 files equaling 1.58TB in size.

    3.    The Court further finds that in light of the nature of the pending offense, the length of the criminal investigation, and the nature and volume of the Government's discovery, the requested continuance is in the interest of justice. *United States v. Toombs,* 574 F.3d 1262, 1269, 1273 (10th Cir. 2009).

    4.    18 U.S.C. § 3161(h) provides that certain "periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence." Among those periods of delay excluded are periods "resulting from a continuance granted by a judge . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in speedy trial." 18 U.S.C. § 3161(h)(7)(A). This Court

finds that "the case is so unusual or so complex due to . . . the nature of the prosecution . . . that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself" within the prescribed time limits, and that "the failure to grant such a continuance . . . would deny counsel for the defendant[s] the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  18 U.S.C. § 3161(h)(7)(B)(ii), (iv).

5.   In light of the length of the investigation, number of defendants charged, and the nature of the discovery, the movants have requested that the Court balance the appropriate considerations in favor of granting a continuance in the interest of justice.  18 U.S.C. § 3161 (h)(7)(B)(ii).

The Court therefore concludes that, based upon the factors enumerated in 18 U.S.C. § 3161(h)(7)(B), the ends of justice served by granting a continuance of the deadlines in this case outweigh the best interest of the public and the defendants in a speedy trial and that the delay occasioned thereby is properly excluded for purposes of the Speedy Trial Act.

The Joint Motion is hereby **GRANTED.**  The November 20, 2017 jury trial is hereby stricken and reset on the 16th day of January, 2018, at 9:30 a.m.  All time between November 20, 2017, and January 16, 2018, has been waived by defendants and is excludable pursuant to the Speedy Trial Act.

WHEREFORE, the Parties' Joint Motion Requesting the Court Declare this Case Complex [Doc. # 48] and the Motion of defendants Enloe and Martin to Continue [Doc. # 53] are granted.

IT IS SO ORDERED this 6th day of November, 2017.

*Gregory K. Frizzell*
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT