IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17-CR-093-GKF |
| ) | |
| BALEY LYNN ENLOE, a/k/a "Bailey ) | |
| Enloe", et al. ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT'S SENTENCING MEMORANDUM

COMES NOW the Defendant, Baley Lynn Enloe, (hereafter, "Baley") by and through her attorney, Matthew P. Cyran, and presents to the Court the *Defendant's Sentencing Memorandum* relating to the sentencing hearing scheduled for April 5, 2018. Baley provides the following sentencing memorandum to assist the Court in fashioning a sentence that is sufficient but not greater than necessary to achieve the statutory purposes of punishment as required in 18 U.S.C. § 3553(a). The Presentence Investigation Report ("PSR") was received timely by counsel. Counsel anticipates the sentencing hearing will take less than one hour and will not call any witnesses. Regarding the sentence contemplated in the PSR, Baley has contemporaneously filed a Motion for Downward Variance.

Baley was originally charged in the September 5, 2017, *Indictment* with one count of Drug Conspiracy in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii) as well as the Unlawful Use of a Communication Facility in violation of 21 U.S.C. § 843(b). On January 5, 2018, Baley entered a plea of guilty to one count of Unlawful Use of a Communication Facility. The PSR contemplates a sentencing guideline range of 37-46 months.

## Baley Lynn Enloe

Baley Lynn Enloe was born in February of 1997 in Claremore, Oklahoma. Growing up in Collinsville, Baley was the middle of three girls in the family. During this time period, Baley's father worked for the Public Service Company of Oklahoma.

The fourth grade was a significant year for Baley. While most children start the fourth grade and look forward to new friends, new teachers and another year of school, the fourth grade is when Baley learned that her mother was a full-fledged methamphetamine addict. Her father explained to his three daughters that their mother's condition was due to her addiction to drugs. The fourth grade is also when all three girls were taken out of school by local law enforcement and placed in a shelter due to the conditions at home. Sometime later, Baley's father regained custody of the girls and took them home. When Baley was eight-years-old, her mother and father divorced and she and her sisters lived exclusively with their father.

During this time, due to the long hours her father worked, Baley was responsible for raising her younger sister. Baley made sure the two had breakfast, got dressed and made it to the bus to go to school. Similarly, at the end of the school day, Baley took her sister to the bus and made sure she got home and had food for dinner. This tremendous responsibility continued until Baley was approximately fifteen-years-old.

At the age of fifteen, Baley began a path of substance abuse that would culminate in her appearing before this Court. Baley had used marijuana to some degree beginning at the age of twelve but when she was fifteen she began using methamphetamine. Her methamphetamine use began a period of her young life which was comprised of the daily effort to find enough money for more methamphetamine and a place to stay. Largely homeless during this period, Baley

associated with anyone who could provide her the two essentials she struggled for, drugs and shelter.

In the fog of severe drug addiction, Baley found herself surrounded by other addicts and committing petty crimes to feed her habit. Baley began a romantic relationship with one of these people and as a result, became pregnant. Kicked out of her childhood home due to her pregnancy, Baley worked to earn enough money for her son and boyfriend to rent an apartment. The trio lost the apartment when Baley could no longer work and she and her boyfriend parted ways. Still a teenager, Baley gave birth to a baby boy. Baley's boyfriend took their son and moved in with his father. Baley, still addicted to methamphetamine, was homeless again. Baley reverted back to her life of bouncing from one place to another still searching for more drugs to support her methamphetamine habit.

## Legal issues relevant to sentencing

In *Koon v. United States*, 518 U.S. 81 (1996), the United States Supreme Court stated that the sentencing judge retains discretion "to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Id*. at 113. Pursuant to 18 U.S.C. § 3553(a)(1), the sentencing Court is required to consider the nature and circumstances of the offense and the history and characteristics of the defendant. Additionally, Section 3553(a)(2) directs the Court to consider the need for the sentence imposed to (A) reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) afford adequate deterrence to criminal conduct; (C) protect the public from further crimes of the defendant; and (D) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

### 18 U.S.C. § 3553(a)(1) – Nature and circumstances of the offense and history and characteristics of Baley Enloe

Nature and circumstances of the offense:

The offense to which Baley pled guilty is a serious one. No one is more cognizant of that than Baley. While not excusing her conduct, Baley's young life has been consumed by a drug addiction that has ruined the lives of people much older than her. Those <u>adult</u> meth users who have the opportunity to go to a rehabilitation program have a long-term success rate of just 12% and even then have an 88% relapse rate.[1] In Baley's case, she started using methamphetamine before she could legally drive. Having never received treatment, her hope for a successful life at that point was all but vanquished. Nonetheless, Baley pled guilty to her offense and has accepted responsibility for her misdeeds and understands the gravity of her conduct. She is prepared to accept the sentence handed down by the Court and only requests that the Court fashion an appropriate sentence that takes into account her youth and troubled circumstances.

History and Characteristics of Baley Enloe:

Baley has a nominal criminal past and all of her crimes are driven by drug addiction. When she was only eighteen, Baley pled guilty to second degree burglary. At the age of nineteen, Baley pled guilty to the unauthorized use of a credit card and joyriding. For these offenses, Baley received concurrent deferred sentences. Half of her criminal history points (4) are based on the fact that she was still on the deferred sentence when she committed the instant offense. Had that not been the case, her sentencing guideline would be 33-41 months. Significantly lower than what she is now faced with.

---

[1] Evaluating the impact of community-based treatment options on methamphetamine use: findings from the Methamphetamine Treatment Evaluation Study (MATES): Associate Professor Rebecca McKetin, BSc(Psychol) Hons, PhD, Fellow; Australian National University; College of Medicine, Biology and Environment.

Proof that she has finally decided to change her lifestyle since her arrest on the instant charges, Baley has entered a counseling program, maintained employment and has complied with all conditions of her release and all of the Court's orders.

Baley has acknowledged her misdeeds and accepts responsibility for them. Her conduct since being charged in this case reflects this understanding. While she does not expect a pass, Baley asks the Court to assess her as an individual, vary downward and sentence her to the low end of the advisory guideline range.

**18 U.S.C. § 3553(a)(2) – The need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense**

If the Court varies downward at least four levels, Baley will still face incarceration. Even with such a variance, Baley's offense is more than adequately punished by a sentence of incarceration at the low end of the guideline.

**18 U.S.C. § 3553(a)(2)(B) to afford adequate deterrence to criminal conduct, (C) to protect the public from further crimes of the Defendant and (D) to provide the Defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner**

Baley realizes that her crime may well lead to her incarceration. A sentence of minimal imprisonment will provide adequate deterrence to Baley and protect the public from any further crimes.

Of course, one of the keys to success for Baley lies in 18 U.S.C. § 3553(a)(2)(D), educational and vocational training and medical care. Baley needs and hopes to receive substance abuse treatment as well as vocational training. Should the Court incarcerate Baley, she requests the facility closest to Tulsa.

## **Conclusion**

Having recognized the wrongfulness of her conduct, Baley has stepped forward and pled guilty to the crime she committed and is prepared to accept her punishment. Baley requests that the Court look at her minor criminal history and consider her as an individual with her individual circumstances when fashioning a sentence. A sentence that is sufficient, but not greater than necessary, to achieve the statutory purposes of punishment.

Respectfully submitted this 22nd day of March, 2018.

*s/Matthew P. Cyran*
Matthew P. Cyran, OBA No. 16918
ROSENSTEIN, FIST & RINGOLD
525 South Main Street, Suite 700
Tulsa, Oklahoma 74103
(918) 585-9211  Telephone
(918) 583-5617  Facsimile
mcyran@rfrlaw.com
ATTORNEY FOR THE DEFENDANT BALEY ENLOE

**CERTIFICATE OF DELIVERY**

☒ I hereby certify that on this 22nd day of March, 2018, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Joel-lyn McCormick
*Joel-lyn.a.mccormick@usEnloej.gov*
ATTORNEY FOR THE UNITED STATES OF AMERICA

J. Lance Hopkins
*bacaviola@yahoo.com*
ATTORNEY FOR NICKOLAS ALLEN LOLLIS

William Lunn
*wlunn@peoplepc.com*
ATTORNEY FOR DEBRA RENEE BURNS

Marna Franklin
*mfranklin@demandproof.com*
Attorney for Clayton Lambert

Shena Burgess
*sburgess@smilinglaw.com*
Attorney for James Christopher Martin

                                                      s/*Matthew P. Cyran*
                                                      MATTHEW P. CYRAN
                                                      *Attorney for Baley Enloe*