IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 17-CR-093-GKF |
| BALEY LYNN ENLOE, a/k/a "Bailey Enloe", et al. | ) ) ) ) |
| Defendants. | ) |

## DEFENDANT'S MOTION FOR DOWNWARD VARIANCE

COMES NOW the Defendant, Baley Lynn Enloe, (hereafter, "Baley") by and through her attorney, Matthew P. Cyran, and moves this Court to vary downward from the advisory sentencing guidelines contemplated in the Presentence Investigation Report ("PSR") and grant her a reduced sentence of imprisonment. In support thereof, Baley states:

1. Counsel anticipates the sentencing hearing will take less than one hour and does not anticipate calling witnesses.

2. Baley moves the Court to vary downward from the advisory sentencing guidelines contemplated in the PSR based upon the factors outlined in 18 U.S.C. §3553.

3. This Court has wide discretion in sentencing pursuant to *United States v. Booker*, 543 U.S. 220 (2005). In *Booker*, the Supreme Court ruled that 18 U.S.C. § 3553(b)(1), the provision that made the guidelines mandatory, was unconstitutional. *Id.* at 245. It made the guidelines advisory, and stated that after the sentencing court calculated the advisory guidelines range, it could then impose a sentence outside the range "…in order to 'tailor the sentence in light of the other statutory concerns' in § 3553(a)." *Id.* at 245-246.

4.  The factors outlined in 18 U.S.C. § 3553(a), as applied to Baley, warrant a non-guideline sentence.

### 18 U.S.C. § 3553(a)(1) – The nature and circumstances of the offense and the history and characteristics of the Defendant

As set forth in more detail in the *Defendant's Sentencing Memorandum*, Baley is a 21-year-old girl with a significantly troubled childhood history. Born in Claremore, Oklahoma, Baley's childhood life was an unstable pattern shrouded in drug addiction and homelessness. Introduced to drugs at only 12 years old and addicted to methamphetamine by the age of 15, most of Baley's criminal history contains petty crimes related to her drug addiction.

Baley is in this situation due to a methamphetamine addiction and her efforts to feed that habit. At only 21-years-of-age, Baley has recognized the grave consequences of her previous decisions and made the decision to change her life in order to be with her young son.

### 18 U.S.C. § 3553(a)(2) – The need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the Defendant; and (D) to provide the Defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner

With an advisory guideline range contemplated to be 37-46 months of imprisonment, Baley's offense is more than adequately punished by a sentence of incarceration reduced from that range. Baley's acceptance of responsibility and her conduct while on pretrial release serves as evidence of her intent to change the course of her life and abide by the law. Incarceration, while not necessary, is not the key to Baley's future. Drug treatment and vocational training hold the key to her success. Baley had never had an opportunity to receive drug treatment before

being arrested in this case. Drug treatment and vocational training are the only path to this young girl's future and the only chance she has to ensure that she never returns to the world she was born into. A reduced sentence will serve the statutory requirements of punishment and will protect the public adequately as Baley has recognized her wrong-doing and accepted responsibility.

### 18 U.S.C. § 3553(a)(3) – the kinds of sentences available; 18 U.S.C. § 3553(a)(4)(A) the kinds of sentence and the sentencing range established…the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines

Without a significant variance, Baley's guideline is in Zone D of the sentencing table. While imprisonment is not necessary to meet the statutory purposes of punishment, should the Court elect to incarcerate Baley, she asks for at least four levels of variance.

### CONCLUSION

Baley, as well as the public in general, is best served by fashioning a sentence at a guideline range which is varied downward to account for § 3553 factors and considers her as an "individual" person. Such a sentence serves to meet the statutory requirements of punishment, as well as adequately protects the public. Baley respectfully moves this Court to vary from the guideline range contemplated in his PSR.

Respectfully submitted this 22nd day of March, 2018.

*s/Matthew P. Cyran*
Matthew P. Cyran, OBA No. 16918
ROSENSTEIN, FIST & RINGOLD
525 South Main Street, Suite 700
Tulsa, Oklahoma 74103
(918) 585-9211  Telephone
(918) 583-5617  Facsimile
mcyran@rfrlaw.com
ATTORNEY FOR THE DEFENDANT BALEY ENLOE

**CERTIFICATE OF DELIVERY**

☒ I hereby certify that on this 22nd day of March, 2018, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Joel-lyn McCormick
*Joel-lyn.a.mccormick@usEnloej.gov*
ATTORNEY FOR THE UNITED STATES OF AMERICA

J. Lance Hopkins
*bacaviola@yahoo.com*
ATTORNEY FOR NICKOLAS ALLEN LOLLIS

William Lunn
*wlunn@peoplepc.com*
ATTORNEY FOR DEBRA RENEE BURNS

Marna Franklin
*mfranklin@demandproof.com*
Attorney for Clayton Lambert

Shena Burgess
*sburgess@smilinglaw.com*
Attorney for James Christopher Martin

                                                           s/*Matthew P. Cyran*
                                                           MATTHEW P. CYRAN
                                                           *Attorney for Baley Enloe*